UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHANDLER,<br><br>　　　　　Defendant. | Case No. 20-cv-03421-HSG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR RESPONSE**<br><br>Re: Dkt. Nos. 12, 13 |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff has filed a motion for clarification requesting that the Court review the record, vacate the dismissal, and grant him leave to proceed *in forma pauperis* (Dkt. No. 12) and a motion for response. The Court construes these motions as renewed motions for reconsideration, and DENIES these motions for the following reasons.

**DISCUSSION**

**I.　Background**

On September 28, 2020, the Court denied Plaintiff leave to proceed *in forma pauperis* pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), finding that Plaintiff's claims of imminent danger were speculative. Dkt. No 7. The Court ordered Plaintiff to pay the $400 filing and administrative fee in full by October 26, 2020 or face dismissal of this action. Dkt. No. 7. Plaintiff failed to pay the filing fee by the deadline.

On October 29, 2020, the Court dismissed this action without prejudice to re-filing upon payment of the full filing fee, and entered judgement in favor of Defendant. Dkt. Nos. 8, 9. That same day, Plaintiff filed objections to the Court's September 28, 2020 order denying leave to proceed *in forma pauperis*, and filed a renewed *in forma pauperis* application. Dkt. No. 10. The

1   Court construed these objections as a motion for reconsideration pursuant to Fed. R. Civ. P. 60
2   and denied the motion for reconsideration because Plaintiff had not set forth clear error, mistake,
3   or any other grounds to warrant reconsideration. Dkt. No. 11.

## II. Pending Motions

In his motion for clarification, Plaintiff argues that the Court erred in dismissing his case with prejudice on the grounds that he failed to pay the filing fee or otherwise communicate with the Court because he communicated with the Court on October 16, 2020 regarding his eligibility for *in forma pauperis* status. Plaintiff further argues that the Court is without jurisdiction to dismiss this case prior to defendants served because the undersigned is a magistrate judge. Plaintiff requests that the Court review the record, vacate the dismissal, and grant him leave to proceed *in forma pauperis*. Dkt. No. 12. In his motion for response, Plaintiff again argues that the Court is without jurisdiction to dismiss this case prior to defendants served because the undersigned is a magistrate judge. He also argues that he should be allowed to proceed *in forma pauperis* because he is indigent and unable to obtain any prison job that would allow him pay the filing fee. Dkt. No. 13.

Plaintiff's arguments are both factually incorrect and without merit. The Court dismissed this action without prejudice because Plaintiff had failed to pay the filing fee (Dkt. No. 8), and not because he failed to communicate with the Court. The undersigned is not a magistrate judge and has full authority to dismiss this case. Finally, Section 1915(g) provides that an inmate who has previously filed three or more actions that qualify as strikes within the meaning of 28 U.S.C. § 1915(g) and fails to demonstrate that he was in imminent danger at the time he filed the complaint must be denied leave to proceed *in forma pauperis*, regardless of whether he is indigent. Accordingly, the Court DENIES Plaintiff's renewed motions for reconsideration. Dkt. Nos. 12, 13.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's renewed motions for reconsideration. Dkt. Nos. 12, 13.

//

This order terminates Dkt. Nos. 12, 13.  This case remains closed.

**IT IS SO ORDERED.**

Dated: 1/7/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3